**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**SOUTHEASTERN DIVISION**

| | |
|---|---|
| HOSEA LEE ROBINSON, SR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:23-cv-00056-SRW |
| ) | |
| STATE OF MISSOURI, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on the motion of plaintiff Hosea Lee Robinson, Sr. for leave to commence this civil action without prepayment of the required filing fee. (Docket No. 2). Having reviewed plaintiff's prior filings in federal court, the Court has determined that plaintiff, while incarcerated, has filed at least three civil actions that were dismissed as frivolous, malicious, or for failure to state a claim. Accordingly, for the reasons discussed below, the Court will deny plaintiff's motion for leave to proceed in forma pauperis and dismiss his complaint without prejudice to the filing of a fully-paid complaint. *See* 28 U.S.C. § 1915(g).

### The Complaint

Plaintiff is a self-represented litigant who is currently incarcerated at the Southeast Correctional Center in Charleston, Missouri. He brings this civil action pursuant to 42 U.S.C. § 1983, naming the State of Missouri, Circuit Attorney Kimberly M. Gardner, and Public Defender Andrew Mossman as defendants. (Docket No. 1 at 2-4). All three defendants are sued in both their official and individual capacities. The complaint concerns plaintiff's allegations that he was convicted in state court on the basis of fabricated evidence and perjured testimony.

The "Statement of Claim" is somewhat confusing, and so the Court will attempt to summarize it as best it can, following the structure that plaintiff has set forth. Plaintiff begins by noting that the Americans with Disabilities Act (ADA) "is the federal government's attempt" to "end life threatening injuries to the chronically ill and disabled African Americans seeking justice in the State of Missouri's local trial courts." (Docket No. 1 at 3). He states that he has been denied this right over seven years due to prosecutorial misconduct. Plaintiff also states that he is a three-striker, but "is under imminent danger" and "demands [a] public jury trial."

Plaintiff next states his belief that "this court's own documents" support his claim that state and federal officials have knowledge of his innocence. To support this proposition, plaintiff asserts that his state criminal convictions[1] were a product of the prosecuting attorney's use of fabricated DNA evidence and perjured testimony. (Docket No. 1 at 5). He further contends that his exhibits – which include a memorandum and order and an order of dismissal in *Robinson v. Stange*, No. 1:21-cv-69-SNLJ (E.D. Mo. June 14, 2021) – show he was wrongfully convicted and subjected to ongoing life threatening injuries.

With regard to his public defender, plaintiff states that he has worsening medical symptoms that include weakness in his arms and legs, confusion, dizziness, shortness of breath, and an irregular heartbeat. He asserts that his public defender was aware of this, but refused to place the evidence before the court. It is not clear from plaintiff's complaint what relevance this had to his underlying conviction for first-degree statutory rape.

---

[1] In particular, plaintiff refers to case numbers 1622-CR00618 and 1722-CR04070-01. The Court attempted to review both these cases on Case.net, Missouri's online case management system. With regard to case number 1622-CR00618, the Court could find no record matching that citation. As to 1722-CR04070-01, public records indicate that a jury convicted plaintiff of first-degree statutory rape on February 1, 2018. *State of Missouri v. Robinson*, No. 1722-CR04070-01 (22nd Jud. Cir., St. Louis City). On May 21, 2018, plaintiff was sentenced to 20 years' imprisonment. The judgment was affirmed by the Missouri Court of Appeals on October 8, 2019. *State of Missouri v. Robinson*, No. ED107079 (Mo. App. 2019).

Following these assertions, plaintiff moves on to an attachment titled "Statements of Claimed Constitutional Violations." (Docket No. 1 at 6). Here, plaintiff states that the "unmistakable language established by Congress's federal mandates" grant him "broad favor in this entitled federal lawsuit to seek" an "immediate injunction" that bars any further criminal proceedings against him, due to the "overwhelming evidence of actual innocence." He asserts that "further deprivations" of his federally protected rights must be "construed as callous, reckless, and" deliberately indifferent in violation of the Eighth and Fourteenth Amendments. Plaintiff insists that the "evidence" he has previously submitted to this Court, as well as the Missouri Court of Appeals, demonstrates that he has been "denied judicial review" and had his rights violated.

Without providing any specifics, plaintiff contends that he is "actually innocent," and that the State of Missouri has "failed to protect the rights of a chronically ill and physically disabled African American man suffering from life threatening illness and chronic heart disease and congestive heart failure." (Docket No. 1 at 7). He believes that this is demonstrated by the Court's records, and "is obvious by [the] number of denied civil complaints" he has filed. Because the evidence proves plaintiff "was never guilty" of the crime for which he was convicted, he concludes that his punishment "is a purposeless and needless infliction of pain and suffering on a[n] innocent and chronically ill and disabled African American man."

Due to the above, plaintiff asserts that he is entitled to seek an immediate and permanent injunction against the State of Missouri "to end all prosecution" of him. (Docket No. 1 at 8). He argues that Congress passed the Antiterrorism and Effective Death Penalty Act "with vindicating principles of comity, finality and federalism in mind," but that those interests have been "denied by the State." Plaintiff further asserts that his "physical, emotional and mental injuries…satisfies [the] imminent danger" exception to the three-strikes rule.

Regarding injuries, plaintiff states that defendants have turned a blind eye "to the known use of fabricated DNA evidence and perjured witness testimony," subjecting him to "life threatening injuries." (Docket No. 1 at 5). As such, he demands a "public jury trial." (Docket No. 1 at 9).

**Discussion**

Plaintiff is a self-represented litigant who has filed a civil action pursuant to 42 U.S.C. § 1983, alleging that defendants used fabricated evidence and perjured testimony to convict him. Along with his complaint, he has filed a motion for leave to proceed in forma pauperis, seeking to commence this action without prepaying the required filing fee. While he has been incarcerated, however, plaintiff has filed at least three prior cases that were dismissed on the basis of frivolity, maliciousness, or failure to state a claim under 28 U.S.C. § 1915(e)(2)(B). As such, his motion to proceed in forma pauperis must be denied, and this case dismissed without prejudice to plaintiff refiling a fully-paid complaint.

### A. 28 U.S.C. § 1915(g)

Under 28 U.S.C. § 1915, this Court may authorize the commencement of a civil action without prepayment of the filing fee "by a person who submits an affidavit that includes a statement of all such assets such prisoner possesses," and that indicates "that the person is unable to pay such fees." *See* 28 U.S.C. § 1915(a)(1). The Prison Litigation Reform Act, though, "enacted a variety of reforms designed to filter out the bad [prisoner] claims and facilitate consideration of the good." *Jones v. Bock*, 549 U.S. 199, 204 (2007). One of these reforms is what is commonly known as the "three strikes" provision of 28 U.S.C. § 1915(g). *Orr v. Clements*, 688 F.3d 463, 464 (8th Cir. 2012). Section 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has,

> on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). This section does not apply unless the inmate litigant has three strikes at the time he filed his lawsuit or appeal. *Campbell v. Davenport Police Dep't*, 471 F.3d 952, 952 (8th Cir. 2006). However, "[a] prior dismissal on a statutorily enumerated ground counts as a strike even if the dismissal is the subject of an appeal." *Coleman v. Tollefson*, 575 U.S. 532, 537 (2015). In other words, "a prisoner who has accumulated three prior qualifying dismissals under § 1915(g) may not file an additional suit in forma pauperis while his appeal of one such dismissal is pending." *Id*. at 541. For purposes of this section, a dismissal for failure to state a claim counts as a strike whether the dismissal was with prejudice or without. *Lomax v. Ortiz-Marquez*, 140 S.Ct. 1721, 1723 (2020).

### B.  Plaintiff's Previous "Strikes"

Plaintiff is a frequent filer in the United States District Court for the Eastern District of Missouri. A review of his past filings show that he has accumulated at least three strikes. That is, he has filed at least three prior cases while incarcerated that were subsequently dismissed under 28 U.S.C. § 1915(e) for frivolousness, maliciousness, or failure to state a claim. *See Robinson v. City of St. Louis Division of Corrections, et al.*, No. 4:16-cv-1535-RWS (E.D. Mo. Dec. 30, 2016) (case filed while incarcerated at the St. Louis City Justice Center dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)); *Robinson v. State of Missouri*, No. 4:18-cv-114-RLW (E.D. Mo. Jan. 29, 2018) (case filed while incarcerated at the St. Louis City Justice Center dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim); *Robinson v. State of Missouri, et al.*, No. 4:18-cv-1225-JAR (E.D. Mo. Oct. 24, 2018) (case filed while incarcerated at the Southeast Correctional

Center dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)); and *Robinson v. State of Missouri, et al.*, No. 1:18-cv-297-NCC (E.D. Mo. Apr. 23, 2019) (case filed while incarcerated at the Southeast Correctional Center dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)).

The Court further notes that based on plaintiff's prior filings, he has been deemed to be a three-striker in the United States District Court for the Eastern District of Missouri. *See Robinson v. State of Missouri*, No. 1:19-cv-99-SPM (E.D. Mo. Sept. 4, 2019) (motion for leave to proceed in forma pauperis denied under 28 U.S.C. § 1915(g), and case dismissed without prejudice to the filing of a fully paid complaint); *Robinson v. City of St. Louis, et al.*, No. 4:19-cv-1767-CDP (E.D. Mo. Sept. 4, 2019) (motion for leave to proceed in forma pauperis denied under 28 U.S.C. § 1915(g), and case dismissed without prejudice to the filing of a fully paid complaint); and *Robinson v. Clarke, et al.*, No. 1:20-cv-103-AGF (E.D. Mo. May 13, 2020) (motion for leave to proceed in forma pauperis denied under 28 U.S.C. § 1915(g), and case dismissed without prejudice to the filing of a fully paid complaint).

For these reasons, the Court has determined that plaintiff has accumulated three strikes under 28 U.S.C. § 1915(g). All of these strikes accrued before plaintiff filed the instant action on April 13, 2023. Therefore, he cannot proceed in forma pauperis in the instant case unless the imminent danger exception applies.

**C. Imminent Danger**

Prisoners who have had three previous civil lawsuits or appeals dismissed as frivolous, malicious, or for failure to state a claim must prepay the entire filing fee. *Lyon v. Krol*, 127 F.3d 763, 764 (8th Cir. 1997). Nevertheless, pursuant to 28 U.S.C. § 1915(g), an indigent inmate who has acquired three strikes may still file a lawsuit if he or she is under imminent danger of serious physical injury. *Higgins v. Carpenter*, 258 F.3d 797, 800 (8th Cir. 2001). This exception provides

6

a "safety valve for the three strikes rule to prevent impending harms." *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003). However, for this exception to apply, an otherwise ineligible prisoner must be in imminent danger at the time of filing. *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998). Allegations of past imminent danger are not sufficient to trigger the exception to § 1915(g). *Id*. Furthermore, the prisoner must present "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury." *Martin*, 319 F.3d at 1050.

In this case, plaintiff's allegations do not demonstrate that he is in imminent danger of serious physical injury. Though the complaint contains little by way of non-conclusory factual allegations, the central thrust of the document is that plaintiff was wrongfully convicted due to his prosecutor's use of fabricated evidence and perjured testimony, and his public defender's failure to stop it. These allegations do not encompass his conditions of confinement or implicate his physical safety in any way, much less imminently. In point of fact, plaintiff's conviction took place roughly five years ago. As such, even if the Court was to assume – without any factual support – that defendants somehow interfered with his health care, the complaint still would not fit 28 U.S.C. § 1915(g)'s exception, as past allegations of imminent danger are not sufficient.

Knowing that he is subject to 28 U.S.C. § 1915(g), however, plaintiff expressly insists that he is in imminent danger, and asserts that he has chronic health issues. Despite this insistence, there is no indication that either Prosecutor Gardner or Public Defender Mossman are currently responsible for these issues, either for causing them or failing to respond to them. Indeed, with

7

regard to his choice of defendants, the Court notes that the State of Missouri cannot be sued,[2] while Prosecutor Gardner and Public Defender Mossman have nothing to do with healthcare at the Southeast Correctional Center.[3] This strongly suggests that plaintiff's claim of imminent danger is a pretext to avoid 28 U.S.C. § 1915(g). In other words, the true purpose of his complaint has nothing to do with his health, and everything to do with his belief that he has been wrongly convicted.

As to the allegations themselves, plaintiff states only that he suffers from chronic health conditions. Missing is any suggestion whatsoever that these chronic conditions are not being treated, let alone that they put him in imminent danger of harm. More specifically, plaintiff has not provided any facts demonstrating that anyone has been deliberately indifferent to his medical needs,[4] and that due to this deliberate indifference, his physical safety is currently being compromised, or might be compromised in the near future. He has simply failed to present the requisite "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury."

Instead of allegations touching upon his health, plaintiff's "Statement of Claim" consists of the repeated – and entirely unsupported – assertion that he was convicted on the basis of

---

[2] The Eleventh Amendment protects the State of Missouri from being sued without its consent. *See Webb v. City of Maplewood*, 889 F.3d 483, 485 (8th Cir. 2018) ("The Eleventh Amendment protects States and their arms and instrumentalities from suit in federal court"); and *Monroe v. Arkansas State Univ.*, 495 F.3d 591, 594 (8th Cir. 2007) (explaining that Eleventh Amendment bars suit against a state or its agencies for any kind of relief, not merely monetary damages).

[3] Even if granted in forma pauperis status, plaintiff's claims against Prosecutor Gardner and Public Defender Mossman would be subject to dismissal. *See Woodworth v. Hulshof*, 891 F.3d 1083, 1089 (8th Cir. 2018) (explaining "that a prosecutor is immune from suit even if he knowingly presented false, misleading, or perjured testimony or withheld or suppressed exculpatory evidence"); and *Myers v. Vogal*, 960 F.2d 750, 750 (8th Cir. 1992) (stating that attorneys who represented plaintiff, "whether appointed or retained, did not act under color of state law and, thus, are not subject to suit under section 1983").

[4] The Court notes that in his "Motion in Limine," plaintiff has attached an exhibit consisting of discharge instructions from Saint Louis University Hospital. The exhibit notes that plaintiff was admitted for an irregular heartbeat, was prescribed medications, and was scheduled for a follow-up. This exhibit does not indicate any deliberate indifference to his medical needs, but to the contrary, demonstrates that his condition is being monitored and treated.

fabricated evidence and perjured testimony. This does not involve his physical safety in any manner, and is simply an attempted collateral attack on his state conviction. Because plaintiff has failed to show that the exception to the three-strikes provision in 28 U.S.C. § 1915(g) applies to him, the Court will deny his motion for leave to proceed in forma pauperis, and will dismiss this action without prejudice to plaintiff refiling a fully-paid complaint. Plaintiff's motion for appointment of counsel (Docket No. 4) and motion in limine (Docket No. 5) will be dismissed as moot.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (Docket No. 2) is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel (Docket No. 4) and motion in limine (Docket No. 5) are **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED** without prejudice to the filing of a fully-paid complaint. *See* 28 U.S.C. § 1915(g). A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that an appeal from this dismissal would not be taken in good faith.

Dated this 26th day of June, 2023.

*[signature: John A. Ross]*
**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**

9