UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| HOSEA LEE ROBINSON, ) | |
| Plaintiff, ) | |
| v. ) | No. 1:23-cv-00056 SRW |
| STATE OF MISSOURI, et al., ) | |
| Defendants. ) | |

### MEMORANDUM AND ORDER

This closed matter is before the Court on a post-appeal motion brought by plaintiff Hosea Robinson titled, "Attn: Clerk of Court Filed Copy Respectfully Requested." In his motion, plaintiff asserts that he is pursuing a "brief" pursuant to Federal Rules of Civil Procedure 26(b)(1) and 15(a) and (d), as well as 28 U.S.C. §§ 1331 and 1367. Plaintiff states that he is seeking relief pursuant to a "3 judge panel" under the "F.T.C.A." and under 28 U.S.C. § 1346.[1]

Plaintiff, an inmate at Southeast Correctional Center (SECC), filed the instant action pursuant to 42 U.S.C. § 1983 on April 13, 2023, against the State of Missouri, Circuit Attorney Kim Gardner and Public Defender Andrew Mossman. [ECF No. 1]. Plaintiff alleged that he was convicted in state court based on fabricated evidence and perjured testimony.

On June 26, 2023, the Court dismissed this case pursuant to 28 U.S.C. § 1915(g), the "three strikes" rule, as plaintiff had filed three prior cases with this Court while he was incarcerated that had been dismissed as frivolous, malicious or for failure to state a claim. [ECF Nos. 9 and 10]. Plaintiff appealed the dismissal of this action to the Eighth Circuit Court of Appeals, and the Court

---

[1] The Clerk filed plaintiff's motion as a motion to amend his complaint. [ECF No. 20]. The Court believes it is merely a post-dismissal motion to reopen as he does not appear to have an amended complaint attached. Additionally, the claims in his motion do not match those in his original complaint.

of Appeals dismissed his appeal for failure to pay the full filing fee. *See Robinson v. Stange*, No. 23-2759 (8th Cir. 2023). The mandate was entered on October 20, 2023. *Id.*

Although the Court has reviewed plaintiff's motion in its entirety, it is difficult to discern the relief he is requesting before this Court. To the extent he seeks to reopen the present matter, the Court declines to allow him to do so. This matter was closed on June 26, 2023, and plaintiff has not provided a reason within his motion why it should be reopened.[2] Additionally, as noted in the Court's Memorandum and Order entered on June 26, 2023, plaintiff is a three-striker and required to pay the full filing fee unless he is able to show that he is in imminent danger of a serious physical injury at the time of filing. He failed to do so at the outset of the present lawsuit, and thus, his action was dismissed pursuant to § 1915(g). Finally, to the extent plaintiff requests any other relief in this motion, it is denied.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's post-dismissal motion in this closed matter [ECF No. 20] is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff shall not be allowed to file any additional matters in this closed case. Any additional filings, unless they relate to an appeal, shall be returned to him.

**IT IS FURTHER ORDERED** that an appeal of this Order shall not be taken in good faith.

Dated this 21st day of November, 2023.

*[signature]*
**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**

---

[2] Although no legal standard for reopening is argued, the Court finds that relief would be denied under both Federal Rule 59(e) (motion to alter or amend the judgment) and Rule 60(b) (relief from judgment for mistake or other reason). Fed. R. Civ. P. 59(e), 60(b).